## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

KELLY MCKINLEY                                    CIVIL ACTION NO. 07-1863

VERSUS                                            JUDGE S. MAURICE HICKS, JR

HARVEY TOYOTA OF BOSSIER CITY,                    MAGISTRATE JUDGE HORNSBY
INC., ET AL.

## MEMORANDUM RULING

Before the Court is a Motion for Partial Dismissal of Certain Claims Pursuant to Rule 12(b)(6) (Record Document 7) filed by Defendant James Gregory Powell ("Powell"). Powell asks the Court to dismiss Plaintiff Kelly McKinley's ("McKinley") claims asserted against him under Louisiana Revised Statutes 6:333 and 9:3571. The motion is unopposed. Based on the following analysis, the Motion for Partial Dismissal is **GRANTED** and all of McKinley's claims against Powell asserted under Louisiana Revised Statutes 6:333 and 9:3571 are dismissed with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

McKinley alleges that on July 5, 2006, Powell, a then employee of Harvey of Bossier City ("Harvey"), requested her consumer credit report without her authorization. See Record Document 1-4, ¶ 2. On July 7, 2006, Harvey received McKinley's credit report. See Record Document 1-2, ¶ 3. On or about that same date, Powell provided the information to Paula Powell, who turned the information over to Edward "Beau" Parker ("Parker"). According to McKinley, Parker then used the information to contact her creditors and provide them with false and malicious information, resulting in her losing lines of credit and suffering financial loss. See Record Document 1-4, ¶ 4. McKinley learned of this chain of events on July 10, 2006 when she began receiving phone calls from her

creditors.  <u>See</u> Record Document 1-2, ¶ 5.

On July 5, 2007, McKinley filed a petition for damages in the Twenty-Sixth Judicial District Court, Bossier Parish, Louisiana.  <u>See id.</u>  She amended her petition on October 17, 2007.  <u>See</u> Record Document 1-4.  Harvey,[1] Powell, Paula Powell, and Parker were named as Defendants and McKinley alleged that they were liable in negligence, to wit:

A.      Unlawful obtaining and disclosure of her credit report;

B.      Failure to maintain confidentiality of her credit report;

C.      For malicious and unlawful disclosure of the credit report to her detriment;

D.      Any other acts of negligence which may be unknown to her but are within the knowledge of Defendants under *res ipsa loquitur*; and

E.      Any other acts of negligence as may be shown on the trial of this cause.

<u>Id.</u>, ¶¶ 1 & 6.  McKinley also alleged violation of Louisiana Revised Statutes 9:3571 and 6:333, as well as the Fair Credit Reporting Act ("FCRA").

On November 7, 2007, Powell filed a Notice of Removal, which included a consent to removal by all named defendants.  <u>See</u> Record Documents 1 & 1-9.  A Removal Order was entered on November 9, 2007.  <u>See</u> Record Document 3.   Powell filed the instant Motion for Partial Dismissal on December 3, 2007.  <u>See</u> Record Document 7.

**LAW AND ANALYSIS**

**I.      Federal Rule of Civil Procedure 12(b)(6) Standard.**

In order to survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must plead

---

[1]On October 25, 2007, all claims against Harvey were dismissed with prejudice. <u>See</u> Record Document 1-8.

enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007), citing Bell Atl. Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1974 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id.  Yet, if the allegations set forth in the complaint, even if true, could not raise a claim of entitlement to relief, the court will expose the basic deficiency "at the point of minimum expenditure of time and money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007).

## II.    Louisiana Revised Statutes 9:3571 and 6:333.

McKinley has alleged that Powell, as an employee of Harvey, requested her credit report without authorization in violation of Louisiana Revised Statutes 9:3571 and 6:333, as well as the FCRA. See Record Document 1-4, ¶ 2.  Pursuant to Rule 12(b)(6), Powell now moves to dismiss McKinley's claims asserted under Louisiana Revised Statutes 9:3571 and 6:333.[2]

Louisiana Revised Statute 9:3571 provides:

> A savings bank, a savings and loan association, a company issuing credit cards, or a business offering credit shall disclose financial records of its customers only pursuant to R.S. 6:333.

Likewise, Louisiana Revised Statute 6:333 prohibits the dissemination of a banking customer's personal financial records or credit information, except pursuant to certain statutorily defined disclosure demands and notice provisions. See La.R.S. 6:333; see also Burford v. First Nat'l Bank in Mansfield, 557 So.2d 1147,1150 (La.App. 2 Cir. 1990).

---

[2]Powell stated in his motion that he "will later attack [McKinley's] purported federal [FCRA] claim in accordance with Rule 56."  Record Document 7, ¶ 24.

Section 333 "provides the exclusive method for disclosures by a bank of its customer records to private persons or state and local agencies." La. R.S. 6:333, Comment (a). These statutes do not "expressly create a cause of action in favor of an individual whose records were wrongfully disclosed." Burford, 557 So.2d at 1151. Yet, the statutes do "create a duty of confidentiality on the part of financial institutions in favor of their customers" and a breach of that duty creates harm that is actionable. Id.

Here, it is clear that Powell is not a bank, a savings bank, a savings and loan association, a company issuing credit cards, or a business offering credit as contemplated by the aforementioned statutes. These statutes create a duty of confidentiality on the part of financial institutions in favor of their customers. Powell is not a financial institution, nor was he acting on behalf of a financial institution, as contemplated by the aforementioned statutes; thus, McKinley cannot establish that Powell owed her a duty under either Louisiana Revised Statutes 9:3571 or 6:333.[3] Simply put, even if this Court accepts all of

─────────────

[3]It appears that McKinley might have intended to reference Louisiana Revised Statute 9:3571.2(A) in her complaint, rather than Sections 3571 and 333. Section 3571.2 provides:

> No motor vehicle dealer shall request, obtain, or review a consumer's credit report in connection with the following activities unless, prior to the activity, the dealer has received an application from the consumer to lease or finance a motor vehicle or a written authorization from the consumer for such request or review:
>
> (1)   A request to test drive or the test driving of a motor vehicle.
>
> (2)   A request for information concerning pricing or financing.
>
> (3)   Negotiating with a consumer.

Yet, it is not the Court's responsibility to determine which statute might provide relief to McKinley. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain

the factual allegations in McKinley's complaint as true, they are not enough to raise a right to relief above the speculative level under Louisiana Revised Statutes 9:3571 or 6:333. See In re Katrina Canal Breaches Litigation, 495 F.3d at 205.  This basic deficiency in McKinley's complaint necessitates dismissal of her claims against Powell asserted under Louisiana Revised Statutes 9:3571 and 6:333.  See Cuvillier, 503 F.3d at 401.[4]

### CONCLUSION

For the foregoing reasons, the Court grants the Motion for Partial Dismissal of Certain Claims Pursuant to Rule 12(b)(6) (Record Document 7) filed by Defendant James Gregory Powell.  All of Plaintiff Kelly McKinley's claims against Defendant James Gregory

_____

statement of the claim showing that the pleader is entitled to relief," such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, --- U.S. ---, 127 S.Ct. at 1964.  While Rule 12(b)(6) does not require detailed factual allegations, McKinley is obligated "to provide the grounds of [her] entitle[ment] to relief."  Id. at — , 127 S.Ct. at 1964-1965.

[4]Powell also argued that McKinley's claims under Louisiana Revised Statutes 6:333 and 9:3571 were preempted by the FCRA, specifically the provisions of 15 U.S.C. § 1681b(f):

A person shall not use or obtain a consumer report for any purpose unless–

(1)     the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

(2)     the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

He further alleged that any state law defamation or negligent reporting claims were preempted unless McKinley could prove "malice or willful intent to injure."  15 U.S.C. § 1681h(e); see also Young v. Equifax Credit Info. Services, 294 F.3d 631, 638 (5th Cir. 2002).  Because the Court held that McKinley had failed to state a claim upon which relief could be granted under Louisiana Revised Statutes 6:333 and 9:3571, it was not necessary for the Court to analyze Powell's preemption argument.

Powell asserted under Louisiana Revised Statutes 6:333 and 9:3571 are dismissed with prejudice. Plaintiff Kelly McKinley's FCRA claim against Defendant James Gregory Powell remains.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 6th day of February, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE