# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| KELLY MCKINLEY | CIVIL ACTION NO. 07-1863 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| HARVEY TOYOTA OF BOSSIER CITY, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion for Partial Dismissal of Certain Claims Pursuant to Rule 12(b)(6) (Record Document 20) filed by Defendants Edward Parker and Paula Powell. Defendants ask the Court to dismiss Plaintiff Kelly McKinley's ("McKinley") claims asserted against them under Louisiana Revised Statutes 6:333 and 9:3571. The motion is unopposed. Based on the following analysis, the Motion for Partial Dismissal is **GRANTED** and all of McKinley's claims asserted under Louisiana Revised Statutes 6:333 and 9:3571 against Defendants Edward Parker and Paula Powell are dismissed with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

McKinley alleges that on July 5, 2006, James Gregory Powell, a then employee of Harvey of Bossier City ("Harvey"), requested her consumer credit report without her authorization. See Record Document 1-4, ¶ 2. On July 7, 2006, Harvey received McKinley's credit report. See Record Document 1-2, ¶ 3. On or about that same date, James Gregory Powell provided the information to Paula Powell, who turned the information over to Edward Parker. According to McKinley, Parker then used the information to contact her creditors and provide them with false and malicious information, resulting in her losing lines of credit and suffering financial loss. See Record Document 1-4, ¶ 4. McKinley learned of this chain of events on July 10, 2006 when she began

receiving phone calls from her creditors.  See Record Document 1-2, ¶ 5.

On July 5, 2007, McKinley filed a petition for damages in the Twenty-Sixth Judicial District Court, Bossier Parish, Louisiana.  See id.  She amended her petition on October 17, 2007.  See Record Document 1-4.  Harvey,[1] James Gregory Powell, Paula Powell, and Edward Parker were named as Defendants and McKinley alleged that they were liable in negligence, to wit:

> A. Unlawful obtaining and disclosure of her credit report;
>
> B. Failure to maintain confidentiality of her credit report;
>
> C. For malicious and unlawful disclosure of the credit report to her detriment;
>
> D. Any other acts of negligence which may be unknown to her but are within the knowledge of Defendants under *res ipsa loquitur*; and
>
> E. Any other acts of negligence as may be shown on the trial of this cause.

Id., ¶¶ 1 & 6.  McKinley also alleged violation of Louisiana Revised Statutes 9:3571 and 6:333, as well as the Fair Credit Reporting Act ("FCRA").

On November 7, 2007, James Gregory Powell filed a Notice of Removal, which included a consent to removal by all named defendants.  See Record Documents 1 & 1-9.  A Removal Order was entered on November 9, 2007.  See Record Document 3.  James Gregory Powell filed a Motion for Partial Dismissal on December 3, 2007, seeking dismissal of McKinley's claims asserted against him under Louisiana Revised Statutes 6:333 and 9:3571.  See Record Document 7.  The Court granted the motion on February

---

[1] On October 25, 2007, all claims against Harvey were dismissed with prejudice. See Record Document 1-8.

6, 2008. See Record Documents 9 & 10. Defendants Edward Parker and Paula Powell have now filed the instant Motion for Partial Dismissal on the same grounds.

**LAW AND ANALYSIS**

**I. Federal Rule of Civil Procedure 12(b)(6) Standard.**

In order to survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007), citing Bell Atl. Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. Yet, if the allegations set forth in the complaint, even if true, could not raise a claim of entitlement to relief, the court will expose the basic deficiency "at the point of minimum expenditure of time and money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007).

**II. Louisiana Revised Statutes 9:3571 and 6:333.**

McKinley has alleged that James Gregory Powell, as an employee of Harvey, requested her credit report without authorization in violation of Louisiana Revised Statutes 9:3571 and 6:333, as well as the FCRA. See Record Document 1-4, ¶ 2. She further alleged that James Gregory Powell then turned her credit report over to Paula Powell and Edward Parker, who used the information "to cut off [McKinley's credit" and to "provide false and malicious information to cause [McKinley] to lose her lines of credit and suffer financial loss." Id., ¶ 4. Pursuant to Rule 12(b)(6), Defendants Edward Parker and Paula Powell now move to dismiss McKinley's claims asserted under Louisiana Revised Statutes

9:3571 and 6:333.[2]

Louisiana Revised Statute 9:3571 provides:

A savings bank, a savings and loan association, a company issuing credit cards, or a business offering credit shall disclose financial records of its customers only pursuant to R.S. 6:333.

Likewise, Louisiana Revised Statute 6:333 prohibits the dissemination of a banking customer's personal financial records or credit information, except pursuant to certain statutorily defined disclosure demands and notice provisions. See La.R.S. 6:333; see also Burford v. First Nat'l Bank in Mansfield, 557 So.2d 1147,1150 (La.App. 2 Cir. 1990). Section 333 "provides the exclusive method for disclosures by a bank of its customer records to private persons or state and local agencies." La. R.S. 6:333, Comment (a). These statutes do not "expressly create a cause of action in favor of an individual whose records were wrongfully disclosed." Burford, 557 So.2d at 1151. Yet, the statutes do "create a duty of confidentiality on the part of financial institutions in favor of their customers" and a breach of that duty creates harm that is actionable. Id.

Here, it is clear that Defendants Edward Parker and Paula Powell are not banks, savings banks, savings and loan associations, companies issuing credit cards, or businesses offering credit as contemplated by the aforementioned statutes. These statutes create a duty of confidentiality on the part of financial institutions in favor of their customers. Defendants Edward Parker and Paula Powell are not financial institutions, nor were they acting on behalf of a financial institution, as contemplated by the aforementioned

---

[2]Defendants Edward Parker and Paula Powell stated in their motion that they will "will later attack [McKinley's] purported federal [FCRA] claim in accordance with Rule 56." Record Document 20, ¶ 24.

statutes. Thus, McKinley cannot establish that Defendants Edward Parker or Paula Powell owed her a duty under either Louisiana Revised Statutes 9:3571 or 6:333. Simply put, even if this Court accepts all of the factual allegations in McKinley's complaint as true, they are not enough to raise a right to relief above the speculative level under Louisiana Revised Statutes 9:3571 or 6:333. See In re Katrina Canal Breaches Litigation, 495 F.3d at 205. This basic deficiency in McKinley's complaint necessitates dismissal of her claims against Edward Parker and Paula Powell asserted under Louisiana Revised Statutes 9:3571 and 6:333. See Cuvillier, 503 F.3d at 401.

## CONCLUSION

For the foregoing reasons, the Court grants the Motion for Partial Dismissal of Certain Claims Pursuant to Rule 12(b)(6) (Record Document 7) filed by Defendants Edward Parker and Paula Powell. All of Plaintiff Kelly McKinley's claims against Defendants Edward Parker and Paula Powell asserted under Louisiana Revised Statutes 6:333 and 9:3571 are dismissed with prejudice. Plaintiff Kelly McKinley's FCRA claim against these Defendants remains.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 22nd day of July, 2008.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE