# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| KELLY MCKINLEY | CIVIL ACTION NO. 07-1863 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| HARVEY TOYOTA OF BOSSIER CITY, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (Record Document 43) filed by Defendant Edward Parker ("Parker"). Parker seeks dismissal of Plaintiff Kelly McKinley's ("McKinley") remaining claim, arguing that he does not fall within the scope of the Fair Credit Reporting Act ("FCRA"). The motion is unopposed. Based on the following analysis, the Motion for Summary Judgment is **GRANTED** and all of McKinley's claims against Parker are **DISMISSED**.

## BACKGROUND

This is an action for violation of the FCRA. See Record Document 41, ¶ A. In a proposed joint pretrial order, the parties listed "whether [the] FCRA applies" as a contested issue of law. See id., ¶ F. At the pretrial conference in this matter, the Court adopted the proposed pretrial order as filed and ordered the parties to file cross motions for summary judgment on the issue of whether the FCRA applies to Parker, the only remaining defendant in this case. See Record Document 42. The cross motions were due by August 21, 2009. See id. Parker filed the instant Motion for Summary Judgment on August 21, 2009. To date, McKinley failed to file a motion for summary judgment. She likewise failed to oppose the motion filed by Parker.

The parties agree that Gregory Powell, an employee of Harvey of Bossier City, Inc.

and a former defendant in this case, accessed McKinley's credit report without her permission or consent. See Record Document 41, ¶ D. Factually, the remaining parties dispute whether Parker came into possession of McKinley's credit information and whether he used such information. See id., ¶ F. Notwithstanding, the current issue before the Court is whether the FCRA extends to an individual such as Parker.

**LAW AND ANALYSIS**

**I.     Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

**II.    Scope of the FCRA.**

McKinley alleged violation of the FCRA, 15 U.S.C. §§ 1681-1681u.  See Record Document 1-4, ¶ II(2).  In Section 1681(b), Congress declared the purpose of the FCRA:

> [T]o require that **consumer reporting agencies** adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter.

15 U.S.C. § 1681(b) (emphasis added).  The FCRA defines "consumer reporting agency":

> [A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).

There is no record evidence indicating that Parker qualifies as a consumer reporting agency under the terms of the FCRA.[1]  The evidence simply does not establish that he is a person who regularly engages in the practice of assembling or evaluating consumer

---

[1] Parker filed a Statement of Undisputed Facts, which contained the statement that "Edward Beau Parker is not a credit reporting agency."  Record Document 43 at 7.  McKinley did not dispute this statement of fact.  Local Rule 56.2 states:

> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried.  All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

Pursuant to this rule, the statement that Parker is not a credit reporting agency is deemed admitted, as McKinley did not controvert the fact.

credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. Thus, based on the plain language of the statute and considering the facts and circumstances of the instant matter, the Court finds that the FCRA does not apply to Parker. Parker's Motion for Summary Judgment is **GRANTED** and all claims against Parker are **DISMISSED**.

## CONCLUSION

For the foregoing reasons, the Court finds that Parker is not a consumer reporting agency as contemplated by the FCRA and that Parker does not fall within the scope of the FCRA. Accordingly, the Motion for Summary Judgment (Record Document 43) is **GRANTED** and all of McKinley's claims against Parker are **DISMISSED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 31st day of August, 2009.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE